**EXHIBIT A**

```
                                    259871
                                    1370CMM
                                    Commitment to State Hospital pursuant PC
                                    63126
```

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

FILED
ALAMEDA COUNTY
Dept. No. 513
AUG 0 9 2016
CLERK OF THE SUPERIOR COURT
By USSA          Deputy

Date: **July 22, 2016**     Hon. Dan Grimmer, Judge     Oxsen/Matagi, Dep. Clk.
                                                        Steinbach, Reporter

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | Counsel appearing for Plaintiff | Tom Burke, Deputy District Attorney |
| Plaintiff | | |
| vs. | Counsel appearing for Defendant | Richard Ortega Public Defender |
| **DAT THANH LUONG** Date of Birth: March 4, 1960 Defendant | | |

| | | |
|---|---|---|
| Nature of Proceedings: | **HEARING ON RECOMMENDATION REGARDING PLACEMENT AND COMMITMENT PENAL CODE SECTION 1370** | Case No. **259871** PFN: **BKX532** CEN: **6284802** |

The defendant is present.

Said matter having been previously submitted and the Court having found the defendant to be a Mentally Incompetent Person within the meaning of Penal Code Section 1368; and the matter having been referred to the County Mental Health Director for a report and recommendation regarding placement;

IT IS HEREBY ORDERED that pursuant to Section 1370 of the Penal Code of the State of California, the defendant be committed to the Department of Mental Health at the **Napa State Hospital at Napa, California or any other Hospital** pursuant Penal Code 1370.

IT IS FURTHER ORDERED that the Sheriff of Alameda County deliver the defendant to said Hospital.

IT IS FURTHER ORDERED that when the Executive Director of the Hospital or Facility determines that the defendant has regained his/her mental competence, the Executive Director shall immediately certify the fact to the Court, the Sheriff and District Attorney of this County and defendant's attorney of record, and the defendant shall be returned to this Court for further proceedings.

IT IS FURTHER ORDERED that within ninety (90) days of this commitment and thereafter at no less than six months intervals, the Executive Director of the Hospital or facility where defendant is housed shall make a written report to this Court and the Community Program Director of this County, or the Director's designee, concerning the defendant's progress toward recovery of the defendant's mental competence.

IT IS FURTHER ORDERED that pursuant to Penal Code section 1370(c)(1), the maximum period of commitment is:

- ☐ Three (3) years;
- ☒ 8 years, **0** months at 85% (maximum term for most serious offense charged);
- ☒ The defendant is entitled to **179** days of actual custody credit.

THE COURT FURTHER FINDS that pursuant to Penal Code section 1370(a)(2)(B)(i):

☐ Defendant, with advice from counsel, consents to the administration of antipsychotic medication as prescribed by a treating psychiatrist. If defendant withdraws consent for antipsychotic medication, after the treating psychiatrist complies with the provisions of Penal Code section 1370(a)(2)(C), the defendant will be returned to court for a hearing in accordance with Penal Code section 1370(a)(2)(B)(i) regarding whether antipsychotic medication shall be administered involuntarily.

In the alternative, THE COURT ORDERS that the treatment facility may administer antipsychotic medication to the defendant involuntarily when and as prescribed by a treating physician pursuant to Penal Code section 1370(a)(2)(B)(iii) based upon the following finding:

☐ Defendant lacks capacity to make decisions regarding antipsychotic medication and that defendant's mental disorder requires medical treatment with antipsychotic medication and that, if not so treated, it is probable that serious harm to the physical or mental health of the patient will result.

☐ Defendant is a danger to others in that defendant has inflicted, attempted to inflict, or made a serious threat of inflicting substantial physical harm on another either while in custody or such that it resulted in his being taken into custody, and defendant presents, as a result of mental disorder or defect, a demonstrated danger of inflicting substantial physical harm on others.

☒ Defendant does not meet the requirements of either of the two preceding paragraphs but has been charged with a serious crime against persons or property; involuntary administration of antipsychotic medication is substantially likely to render defendant competent to stand trial; the medication is unlikely to have side effects that interfere with defendant's ability to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a reasonable manner; less intrusive treatments are unlikely to have substantially the same results; and antipsychotic medication is in the patient's best medical interest in light of his/her medical condition.

List of Charges: Penal Code 245(a)(1) G U, Penal Code 245(A)(1) U

Dated: 7/22/16
and signed: 8/2/16

JUDGE OF THE SUPERIOR COURT

DAN GRIMMER

(Original: Signed by Judge, file stamped, place in file)
(Two Certified Copies: Use the judge's line stamp, endorse file, to Sheriff's Transportation Unit, QIC 80501, with copies of Criminal Justice Mental Health report; Charging Document--Complaint, Indictment and/or Information; Certification and/or Holding Order; CII Rap Sheet; Arrest Report; Doctor's Reports)
(One Certified Copy: Conditional Release Program (CONREP), QIC 43401 for felonies *or* Mental Health Director, County of Alameda, QIC 80501 for misdemeanors)

259871 Luong PC 1370 CONREP (Rev. 09/25/07)