UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAT THANH LUONG, et al., <br> Plaintiffs, <br> v. <br> NAPA STATE HOSPITAL, et al., <br> Defendants. | Case No. 17-cv-06675-EMC (JSC) <br><br> **ORDER RE: DEFENDANTS' DISCOVERY LETTER BRIEF SEEKING TO STAY DEPOSITIONS AND COMPEL DISCLOSURE OF EXPERTS' REPORTS** <br><br> Re: Dkt. Nos. 204, 206 |

Now pending before the Court are the parties' separate letter briefs regarding the September 5 and 7 depositions of Plaintiffs' "unretained experts" Dr. Gage and Dr. Kuper. (Dkt. Nos. 204 & 206.) Defendants seek an order staying the depositions until Plaintiffs are required to produce expert reports from these experts specific to this case. Defendants' request is denied for the most part.

These experts, even if unpaid, must provide a written report. The Federal Rules of Civil Procedure provide that a witness that "is retained or specially employed to provide expert testimony in the case" must provide a signed written report. Fed. R. Civ. P. 26(a)(2)(B). When an expert "is part of the ongoing sequence of events" and reaches his opinion as a result of that experience the expert is not "retained or specially employed." *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011); *see also Goodman v. Staples The Office Superstore, LLC,* 644 F.3d 817, 826 (9th Cir. 2011) (holding that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment). From the Court's review of the proposed experts' reports in the *Stiavetti* matter, both experts appear to be offering classic expert opinions; indeed, that is why they were retained experts in *Stiavetti* and submitted reports in that proceeding.

That being said, Plaintiffs have provided expert reports for these proposed witnesses; namely, the expert reports prepared for *Stiavetti*. As with all expert witnesses, their trial testimony shall be limited to what was disclosed in the reports, *see U.S. Fidelity & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1138 (9th Cir. 2011) (finding no abuse of discretion where trial court "limit[ed] expert testimony to the expert's area of expertise and the subjects contained in the expert's disclosure"); thus, Defendants' concern that these experts will offer opinions based on the specific facts of this case is misplaced. They cannot. Defendants' insistence that these reports do not include any opinions relevant to this action is a matter to be addressed in a motion in limine. The depositions shall go forward as scheduled.

One additional matter. Rule 26(a)(2)(B) requires the expert report to include a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition as well as a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(v), (vi). If it has not already been done, on or before September 3, 2019, Plaintiffs shall provide Defendants with an updated list of any cases in which the witnesses have testified as experts since the preparation of the *Stiavetti* reports as well as a statement as to the compensation, if any, these witnesses will receive for their testimony in this case.

This Order disposes of Docket Nos. 204, 206.

**IT IS SO ORDERED.**

Dated: August 29, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge