UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAT THANH LUONG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NAPA STATE HOSPITAL, et al., <br><br> Defendants. | Case No. 17-cv-06675-EMC (JSC) <br><br> **ORDER RE: LATE-NOTICED 30(B)(6) DEPOSITION NOTICE** <br><br> Re: Dkt. Nos. 210, 211 |

Now before the Court is a letter brief from Defendants regarding Plaintiffs' September 4, 2019 notice of a 30(b)(6) deposition of a "person most knowledgeable" from Alameda County, (Dkt. No. 210), and Plaintiffs' response, (Dkt. No. 211). The fact discovery cut off in this case was June 20, 2019. As Plaintiffs noticed the deposition well after that deadline, Defendants seek a protective order preventing the deposition from going forward. Plaintiffs counter that they designated the witness as an unretained expert and therefore the deposition notice constitutes timely expert discovery.

Plaintiffs have not demonstrated that the Alameda County 30(b)(6) witness is an expert witness rather than or even in addition to a fact witness. Assuming that Plaintiffs did not need to provide an expert report from the Alameda County 30(b)(6) witness, they still needed to disclose "a summary of the facts *and opinions* to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii) (emphasis added). Plaintiffs disclosed the following as to their Alameda County 30(b)(6) unretained expert witness:

> Alameda County's Person(s) Most Knowledgeable about the County's relationship and contracts with the State of California, Department of State Hospitals, concerning the State's Conditional Release Program ("CONREP") and communications with the County about delays in admission and the possibility of psychiatric acuity

review.

(Dkt. No. 210-3.) While this disclosure identifies the facts to which this witness will testify, it does not identify any opinions. In other words, the witness appears to be a typical 30(b)(6) deponent, not an expert. *See Brown v. Grinder,* No. 2:13-cv-01007-KJM-KJN, 2019 WL 2337107, at *5 (E.D. Cal. June 3, 2019) (holding that disclosure that did not identify any opinions whatsoever did not satisfy Rule 26(a)(2)(C)(ii)). If Plaintiffs wanted the facts preserved by deposition, the deposition should have been noticed to occur before the close of fact discovery. *See United States ex. rel. McLean v. Cty. of Santa Clara*, No. C05-01962 HRL, 2009 WL 189175, *1 (N.D. Cal. Jan. 2, 2009) (stating that a party cannot use the expert discovery period to seek fact discovery).

Plaintiffs' insistence that Defendants have no right to challenge the deposition of a different party is not persuasive; Defendants have standing to object that the deposition is strictly fact discovery, not expert discovery, and thus noticed too late. And Plaintiffs' challenge to Defendants' reliance on the fact-discovery cut-off, (*see* Dkt. No. 211 at 2), is baffling. The district court ordered a specific fact discovery cut-off and an expert discovery cut-off. (Dkt. No. 53.) All parties are bound by these deadlines unless and until the district court orders otherwise.

The cases Plaintiffs' cite are unpersuasive because they involved the opposing party's disclosure of the opinions of the non-retained 30(b)(6) witness. *See, e.g., Cepero v. Las Vegas Metro. Police Dep't*, 2019 WL 2616170 *3 (N. Nev. June 26, 2019) (noting that the defendants' disclosure identified the opinions of the witness). Here, despite the issue being squarely presented by Defendants' letter brief, Plaintiffs have not identified any opinion testimony being sought from Alameda County's 30(b)(6) witness. Accordingly, Defendants' motion for a protective order is GRANTED on the grounds that the 30(b)(6) testimony sought should have been obtained during the fact-discovery period.

Finally, going forward, no party may file a unilateral discovery dispute letter brief with the Court; instead, the party must first arrange an informal telephone call with the Court through the Court's courtroom deputy.

This Order disposes of Docket Nos. 210, 211.

**IT IS SO ORDERED.**

Dated: September 13, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge